J-S24022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES MILES, A/K/A JAMES MYLES, | |
| Appellant | No. 2678 EDA 2014 |

Appeal from the PCRA Order entered September 5, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0713191-1970

BEFORE:  GANTMAN, P.J., ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED APRIL 17, 2015**

James Miles, a/k/a James Myles ("Appellant") appeals *pro se* from the order denying his serial petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.   We affirm.

The PCRA court summarized the pertinent facts and protracted procedural history as follows:

> On February 26, 1972, [Appellant] was found guilty by a jury presided over by the Honorable Victor DiNubile of Murder, Rape, and Conspiracy.  On December 18, 1972, [Appellant] was sentenced to a term of [] life imprisonment on the Murder charge, with concurrent sentences of seven and [one-]half to fifteen years on the Rape count, and one to two years on the Conspiracy count. The Pennsylvania Supreme Court affirmed the judgment of sentence on March 16, 1977.
>
> On April 19, 1978, [Appellant] filed a counseled petition pursuant to the Post Conviction Hearing Act (PCHA).  After

review, relief was denied on March 7, 1980. The dismissal was affirmed by the Pennsylvania Superior Court on June 25, 1982.

On May 14, 1984, [Appellant] filed his second PCHA petition, which was dismissed on October 29, 1985 and affirmed by the Superior Court on August 19, 1986. The Pennsylvania Supreme Court denied *allocatur* on March 2, 1987.

On November 10, 1994, [Appellant] filed a petition pursuant to the [PCRA], which had gone into effect on April 13, 1988. This petition was denied on December 7, 1994, and the dismissal [was] affirmed by the Superior Court on August 12, 1997. [Appellant] also filed a writ of habeas corpus on February 2, 2001. It was treated as a PCRA petition and dismissed as untimely on May 9, 2001.

On March 27, 2003, [Appellant] filed a Motion for DNA Testing pursuant to 42 Pa.C.S. § 9543.1. A hearing was held and [Appellant's] request was denied on August 26, 2004. The Superior Court affirmed the denial of the motion on June 23, 2005.

On September 5, 2007, [Appellant] filed his fifth petition for post conviction relief. It was dismissed [as untimely] on October 7, 2009. The dismissal was affirmed by the Superior Court on May 28, 2010. The Pennsylvania Supreme Court denied *allocatur* on October 19, 2010.

[Appellant] filed the instant petition, his sixth, on August 23, 2011. After conducting an extensive and exhaustive review of these filings, the record and applicable case law, this Court found that [Appellant's PCRA petition] was untimely filed. Therefore, this Court did not have jurisdiction to consider [Appellant's] PCRA petition and[,after issuing Pa.R.Crim.P. 907 notice,] it was dismissed.

PCRA Court Opinion, 11/12/14, at 1-2.

Appellant filed a timely *pro se* appeal to this Court, in which he challenges the PCRA court's determination that he failed to establish an exception to the PCRA's time bar. The PCRA court did not require Pa.R.A.P. 1925 compliance.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id***. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id.***

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Before addressing the timeliness of Appellant's latest PCRA petition, the PCRA court considered whether Appellant could seek the relief he requested via a serial post-conviction petition. The PCRA court explained:

> Before looking at the [PCRA's timeliness exceptions], this
> Court must determine whether [Appellant] can be afforded

- 4 -

relief under the PCRA. [Appellant] claimed that he is subject to an illegal sentence due to an incomplete judgment of sentence. Specifically, [Appellant] claimed that he is unlawfully being detained on a DC-300B Court Commitment Form, rather than a sentencing order entered by a judge. Upon review, this claim was not cognizable under the PCRA. Because [Appellant's] claim fell outside the eligibility requirements of the PCRA, this court [treated Appellant's sixth PCRA petition as a] Petition for Writ of Habeas Corpus [and addressed it] on the merits.

That said, this court found [Appellant's] claims to be completely without merit. The Honorable Judge DiNuble [sic] entered a sentencing order in this matter on December 18, 1972. The original sentencing order is being maintained by the Clerk of Courts of this court as part of [Appellant's] file in this matter. Therefore, [Appellant's] Petition for Writ of Habeas Corpus for lack of a sentencing order was demonstrably frivolous and was therefore denied.

PCRA Court Opinion, 11/12/14, at 3 (footnote omitted). We agree.

As this Court has recently noted, our Supreme Court has held "that a claim that a defendant's sentence is illegal due to the inability of the [Department of Corrections] to 'produce a written sentencing order related to [his] judgment of sentence' constitutes a claim legitimately sounding in *habeas corpus*." **Joseph v. Glunt**, 96 A.3d 365, 368 (Pa. Super. 2014) (citation omitted). In **Joseph**, after reviewing relevant case law, we determined that "courts confronting this issue in the past have deemed a record of the valid imposition of a sentence as sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order under 42 Pa.C.S. § 9764(a)(8)." **Id.** at 372. Here, as in

*Joseph*, a review of the record contains a legitimate sentencing order. Thus, Appellant is not entitled to *habeas corpus* relief.

In response to the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss, Appellant maintained that his claim should be considered under the PCRA and that he established an exception to the PCRA's time bar. We disagree.

Because Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court following our Supreme Court's denial of *allocatur*, for PCRA purposes, Appellant's judgment of sentence became final ninety days thereafter, on June 14, 1977. 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 20 (repealed). Appellant filed the instant PCRA petition over three **decades** later. As a result, his PCRA petition is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. Appellant asserts that he recently discovered that his "judgment of sentence order is not [] binding in being authorized by a signed and sealed official document, that constitutes [an] illegal sentence[.]" Appellant's Brief at 5 (emphasis removed). According to Appellant, discovery of this fact rendered his latest petition timely under section 9545(b)(1)(ii). This exception requires that "the facts upon which the claim is predicated were unknown to the petitioner and could not have

been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii).

The PCRA court rejected Appellant's claim, and reasoned:

[Appellant] claimed that his petition was timely since the petition was filed within 60 days of receiving the judgment of sentencing from the Clerk of Courts, which he states was on July 26, 2011. [Appellant] is mistaken. Even if [Appellant's] petition had been considered under the PCRA, [Appellant] would not have been afforded relief. To be timely, the statue clearly states that a petition invoking one of the exceptions must be submitted within 60 days of when it first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). In this instance, [Appellant's] judgment of sentence and DC-300 B Commitment Form have been discoverable since the 1970s, and [presenting] this claim over 30 years later did not meet the 60-day requirement.

PCRA Court Opinion, 11/12/14, at 4.

Our review of the record readily supports the PCRA court's conclusion that Appellant did not timely raise his claim of newly discovered evidence. Additionally, because Appellant's sentence is a matter of public record, his eligibility for the time-bar exception fails.[1] *See Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa. 2013) (holding that to qualify for the

_____

[1] Within his brief, Appellant raises a claim that all prior counsel were ineffective for failing to discover the defect in his "sentencing order." *See* Appellant's Brief at 8-9. Because Appellant inappropriately raises this claim for the first time on appeal, it is waived. *See generally*, Pa.R.A.P. 302. In addition, claims of ineffectiveness do not constitute interference by governmental officials under the PCRA. 42 Pa.C.S.A. § 9545(b)(4).

newly-discovered exception under the PCRA, the facts must be unknown to the petitioner, not discoverable through reasonable diligence, and not part of the public record); *see also Commonwealth v. Heredia*, 97 A.3d 392, 395, n.6 (explaining that PCRA petitioner could not assert the newly-discovered facts exception to the PCRA's time bar based on a DC-300B commitment form because the information contained therein was not new).

In sum, the PCRA court correctly determined that Appellant is not entitled to *habeas corpus* relief, and that it would lack jurisdiction to consider Appellant's latest petition under the PCRA. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2015